IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ARMANDO CASILLAS-HARO,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br><br>Case No. 2:16-cr-00612-CW<br><br>Judge Clark Waddoups |

Before the court is Defendant Armando Casillas-Haro's motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 of the Sentencing Guidelines. (ECF No. 196.) For the reasons stated herein, Mr. Casillas-Haro's motion is denied.

## Background

On or around November 30, 2016, Mr. Casillas-Haro was indicted on one count of conspiracy to distribute methamphetamine in violation of 18 U.S.C. § 841(a)(1), two counts of possession of methamphetamine with intent to distribute in violation of 18 U.S.C. § 841(a)(1), and two counts of money laundering 18 U.S.C. § 1956(h). (ECF No. 3.)

Prior to his indictment in this case, Mr. Casillas-Haro had previously pled guilty to similar drug offenses in the Southern District of California for which he was sentenced to 108 months in prison on May 19, 2014. Mr. Casillas-Haro was in prison on this prior charge at the time the conduct at issue in this case occurred.

Each of the Section 841(a)(1) charges against Mr. Casillas-Haro carried a mandatory minimum sentence of 10-years. *See* 18 U.S.C. § 841(b)(1)(A). Because Mr. Casillas-Haro had

previously been convicted of a serious drug felony, the Government filed a notice under 18 U.S.C. § 851 that Mr. Casillas-Haro may be subject to an enhanced penalty for his drug violations which, at the time, exposed him to a mandatory minimum sentence of 20 years.[1] (*See* § 851 Notice, ECF No. 64.)

Later, on February 6, 2018, Mr. Casillas-Haro entered a plea agreement with the government, pursuant to Rule 11(c)(1)(C), in which he agreed to plead guilty to one count of conspiracy to distribute methamphetamine and one count of money laundering. In his Statement in Advance of Plea, Mr. Casillas-Haro admitted, among other things, to using a cell phone while in federal prison to conspire with others to coordinate the distribution of more than 500 grams of a mixture containing methamphetamine from California to Utah. (Statement in Advance of Plea at 4-5, ECF No. 165.) In exchange for Mr. Casillas-Haro's plea, the Government agreed to dismiss counts 2, 3, and 5 of the indictment and to move for leave to withdraw its Section 851 notice regarding a sentencing enhancement. (*Id*. at 5-6.) The plea agreement included a stipulated sentence of 180 months (15 years) of imprisonment. (*Id*. at 5.)

Prior to entering his plea, Mr. Casillas-Haro filed a motion seeking authorization to be sentenced on the same day he entered his plea. (ECF No. 158.) In the motion, Mr. Casillas-Haro suggested that a new presentence report would be unnecessary because one was prepared in his California case and he had been "nowhere other than federal custody" since the preparation of that report. (*Id*. at 2-3.) The motion also indicated that the Government did not object to Mr. Casillas-Haro be sentenced at the same time he entered his plea. (*Id*. at 3.) The court granted the

---

[1] Congress, in the First Step Act of 2018, subsequently lowered the mandatory minimum enhanced sentence for a repeat drug offender to 15 years. Pub. L. No. 115-391, § 401(a)(2)(A), 132 Stat. 5194, 5220-21 (2018).

motion. (ECF No. 159.)

Because no separate presentence report was prepared for this case, a specific sentencing guidelines range was not calculated by probation prior to sentencing.

During the hearing, the court informed Mr. Casillas-Haro that it would consider the Sentencing Guidelines in determining whether to accept the proposed plea agreement sentence of 15 years imprisonment. (*See* Tr. at 9: 3-9, ECF No. 174.) And, while a specific guidelines range was not calculated by probation, the government represented that Mr. Casillas-Haro would be subject to a minimum base offense level of 32 and criminal history category of III. (*See id*. at 19:9-22.) Mr. Casillas-Haro's defense counsel at the time agreed that the government's representations regarding the sentencing guidelines were correct for purposes of sentencing. (*See id*. at 20:5-13.)

The court accepted Mr. Casillas-Haro's plea agreement and sentenced him to 180 months in Bureau of Prison's custody pursuant to Rule 11(c)(1)(C), with half of the sentence to be run concurrently with the sentence he was currently serving. (*Id*. at 21:14-19, 25:9-16. *See also* Judgment, ECF No. 167.)

In 2023, the United States' Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines, which, among other things, changed the way that criminal history points were aggregated for defendants that committed an offense while under a criminal justice sentence. Prior to Amendment 821, Section 4A1.1(d) of the guidelines provided that 2 criminal history points should be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The Amendment struck the above quoted language and created a new

subsection (e) to Section 4A1.1, which provided that 1 criminal history point should be added "if the defendant (1) received 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." No criminal history points are added for committing an offense while under a criminal justice sentence if the defendant received less than 7 points under the other provisions of § 4A1.1.

The Sentencing Commission also voted to make Amendment 821, as applied to Section 4A1.1, retroactive, allowing defendants who had previously been sentenced based on a sentencing range that would be lowered if Amendment 821 had been in effect at the time of their sentencing to seek a sentence reduction under Section 3582(c)(2).

On July 1, 2024, Mr. Casillas-Haro brought a pro se motion seeking a reduction in his sentence under Section 3582(c)(2), arguing that he would have been subject to a lower guidelines range had Amendment 821 been in effect at the time of his sentencing. (ECF No. 196.) Memoranda supporting Mr. Casillas-Haro's motion were later filed by the Federal Public Defender's office, which was appointed to represent Mr. Casillas-Haro pursuant to this court's General Order 23-010. (*See* ECF Nos. 197, 205.)

The government opposes granting Mr. Casillas-Haro a reduction in sentence, arguing that the requested sentence reduction is inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and is not warranted as a result of Mr. Casillas-Haro's post-sentencing conduct. (*See* ECF No. 206.)

## Analysis

To obtain a sentence reduction pursuant to Section 3582(c)(2), a defendant must clear three hurdles. *See United States v. C.D.*, 848 F.3d 1286, 1289-90 (10th Cir. 2017). First, in order to be eligible for a sentence reduction under the statute, the defendant must show that his original sentence was "based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing." *Id*. at 1289. "If not, the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed." *Id*. Second, the defendant must show that his request for a sentence reduction is "consistent with the Commission's policy statements related to § 3582(c)." *Id*. Finally, the defendant must persuade the court that a sentence reduction is warranted in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id*. at 1289-90.

### A.   The Court Has Jurisdiction to Grant a Sentence Reduction.

Section 3582(c)(2) provides:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, to be eligible for a sentence reduction under Section 3582(c)(2), Mr. Casillas-Haro must show that his original sentence was (1) "based on" a sentencing range and (2) that that sentencing range has subsequently been lowered by the Sentencing Commission.

The Supreme Court has construed the "based on" clause of Section 3582(c)(2) broadly to permit sentence reductions under the statute whenever "the prisoner's Guidelines range was a

relevant part of the framework the judge used to accept the agreement or determine the sentence." *Hughes v. United States*, 584 U.S. 675, 690 (2018). Thus, even where a sentence is imposed pursuant to a Rule 11(c)(1)(C) plea agreement that provides for a specific sentence, a defendant may be eligible for a sentence reduction under Section 3582(c)(2), since "the Guidelines remain a basis for almost all federal sentences." *Id*. at 689.

Here, both Mr. Casillas-Haro and the government agree that Mr. Casillas-Haro's original sentence was based on a sentencing range under the reasoning of *Hughes*. (*See* Am. Mem. Supp. Mot. for Sentence Reduction at 4-5, ECF No. 205; Opp. to Mot. for Sentence Reduction at 5, ECF No. 206.)

The court agrees. During Mr. Casillas-Haro's plea and sentencing hearing, the court informed Mr. Casillas-Haro that it would consider the sentencing guidelines when deciding whether to accept Mr. Casillas-Haro's plea agreement. (*See* Tr. at 9:3-7, ECF No. 174.) And the court discussed Mr. Casillas-Haro's base offense level and criminal history category with counsel for Mr. Cassilas-Haro and the government, accepting the parties' representations as accurate prior to accepting the Rule 11(c)(1)(C) agreement. (*See id*. at 19:9-20:17.) Moreover, it is the court's practice to consider the sentencing guidelines before every sentencing. Thus, the court concludes that Mr. Casillas-Haro's original sentence was based on a sentencing range and that the first jurisdictional element of Section 3582(c)(2) has been satisfied.

Next, the court must consider whether the sentencing range applicable at the time of Mr. Casillas-Haro's original sentence has subsequently been lowered by the Sentencing Commission.

As discussed above, the Sentencing Commission adopted Amendment 821 to reduce the number of criminal history points applicable to defendants who commit offenses while under a

previously imposed criminal justice sentence. Prior to Amendment 821, defendants that committed an offense while under a criminal justice sentence were assessed 2 criminal history points. Amendment 821 generally reduced the number of criminal history points given to defendants who committed an offense under a criminal justice sentence and eliminated them all together for defendants that receive less than 7 criminal history points under the other sections of § 4A1.1 of the Sentencing Guidelines.

    Here, Mr. Casillas-Haro argues, and the government agrees, that Amendment 821 would have reduced the total number of criminal history points assessed to Mr. Casillas-Haro at the time of his original sentencing in this case by 2, if the amendment had been applicable at the time of sentencing. (*See* Am. Mem. Supp. Mot. for Sentencing Reduction at 5-6; Opp. to Mot. for Sentencing Reduction at 8.) And as a result, Mr. Casillas-Haro's criminal history category would be reduced from a level III to a level II, lowering the guidelines sentencing range that would be applicable to Mr. Casillas-Haro. (*Id.*)

    The court agrees. At the time of Mr. Casillas-Haro's original sentencing in this case, he had committed one prior federal offense in California (the "California Offense"). Mr. Casillas-Haro was serving his sentence for the California Offense when he committed the offense that is the subject of this case. Because Mr. Casillas-Haro's sentence for the California Offense exceeded one year and one month, Mr. Casillas-Haro would have been assessed 3 criminal history points at the time of his sentencing in this case under § 4A1.1(a) of the Sentencing Guidelines. And, under the guidelines before Amendment 821 took effect, he would have been assessed 2 criminal history points for committing the offense while under a criminal justice sentence, giving Mr. Casillas-Haro a total criminal history point score of 5, which would place

him in Criminal History Category III.

Because Mr. Casillas-Haro would have had less than 7 criminal history points under the other sections of § 4A1.1 at the time of his sentencing in this case, Amendment 821 would have eliminated the assessment of any additional criminal history points to Mr. Casillas-Haro for committing his offense while under a criminal justice sentence if it had been in effect at the time of his sentencing. As a result, Mr. Casillas-Haro's total criminal history points would be reduced to 3, placing him in Criminal History Category II.

This reduction in Mr. Cassilas-Haro's Criminal History Category as a result of Amendment 821 would have lowered his guidelines sentencing range, making him eligible for a sentence reduction under Section 3582(c)(2).

Accordingly, the court concludes that Mr. Casillas-Haro has satisfied both jurisdictional elements of Section 3582(c)(2) by showing that his original sentence was based on a sentencing range that has been subsequently lowered by the Sentencing Commission. The court, therefore, has jurisdiction to consider Mr. Casillas-Haro's request for a sentence reduction under Section 3582(c)(2).

### B.  The Sentencing Commission's Policy Statements Weigh against Granting a Sentence Reduction in this Case.

Having concluded that Mr. Casillas-Haro is eligible for a sentence reduction under Section 3582(c)(2), the court must next consider whether a sentence reduction would be consistent with the Sentencing Commission's policy statements relating to Section 3582(c)(2). *See C.D.*, 848 F.3d at 1289.

The Sentencing Commission's policy statements relating to Section 3582(c)(2) are set forth in Section 1B1.10 of the Guidelines Manual. Section 1B1.10 sets forth several limitations

on the court's discretion to grant a sentence reduction under Section 3582(c)(2), none of which are applicable here. It also, however, directs the court to consider several factors when deciding whether to grant a sentence reduction. The Application Notes to Section 1B1.10, for example, provide that courts should consider (1) the factors set forth in 18 U.S.C § 3553(a), (2) the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and (3) the "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." *See* Guidelines Manual § 1B1.10, Application Note (1)(B).

The factors set forth in the Application Notes to Section 1B1.10 weigh against granting a sentence reduction in this case. Mr. Casillas-Haro has been convicted twice, now, of trafficking large quantities of methamphetamine, including once while he was serving a federal prison sentence for a prior trafficking offense. This shows a general disrespect for the law and a disregard for the safety of the community.

Moreover, Mr. Casillas-Haro's post-sentencing conduct while in prison has not been that of a model inmate. Mr. Casillas-Haro has been disciplined for assaulting other inmates, including for an incident that put another inmate in the hospital. (*See* Opp. to Mot. for Sentencing Reduction at Ex. B, ECF No. 206-2.) This was a serious offense for which Mr. Casillas-Haro acknowledged his guilt. Thus, Mr. Casillas-Haro's post-sentencing conduct weighs against granting a sentence reduction in this case as well.

    **C.**    **The Sentencing Factors Set Forth in 18 U.S.C. § 3553(a) Weigh Against Granting a Sentence Reduction.**

The sentencing factors set forth in 18 U.S.C. § 3553(a) also weigh against granting a sentence reduction in this case.

9

The nature and circumstances of the offense Mr. Casillas-Haro was convicted of in this case were quite serious. Mr. Casillas-Haro admitted to participating in a conspiracy to traffic large quantities of methamphetamine, and to launder the proceeds from drug trafficking, while serving a lengthy prison sentence for committing a nearly identical crime just a few years earlier. (*See* Statement in Advance of Plea at 4-5, ECF No. 165.) Mr. Casillas-Haro was not a minor participant in the conspiracy, acknowledging that he "agreed to facilitate and sell methamphetamine and coordinated the distribution of that methamphetamine from California to Utah." (*Id.*)

The fact that Mr. Casillas-Haro committed such a serious offense while incarcerated for a similar crime shows a brazen disrespect for the law. Rather than being deterred from further criminal activity by his sentence for the California Offense, Mr. Casillas-Haro chose to continue his criminal activity in the face of even stiffer penalties.

Additionally, while Mr. Casillas-Haro's prior criminal history was not lengthy at the time he was sentenced, it was significant. As a repeat drug trafficking offender, Mr. Casillas-Haro was subject to a potential sentencing enhancement that carried with it a mandatory minimum sentence of 20 years. In order to avoid this mandatory minimum requirement, Mr. Casillas-Haro agreed to plead guilty and the government agreed to withdraw its request for an enhanced sentence. This allowed the court to impose a sentence on Mr. Casillas-Haro that was below the Congressionally mandated sentence for repeat drug trafficking offenders.

The court considered all of the Section 3553(a) factors, including those discussed above, when considering whether to accept Mr. Casillas-Haro's Rule 11(c)(1)(C) plea agreement with the government. Ultimately, the court concluded that the agreed on sentence was appropriate

given the nature and circumstances of Mr. Casillas-Haro's crime.

Mr. Casillas-Haro has not presented any new facts or circumstances that would undermine the court's initial conclusion that Mr. Casillas-Haro's sentence was appropriate under the Section 3553(a) factors. Instead, Mr. Casillas-Haro's memorandum in support of the motion focuses almost entirely on general policy arguments regarding the fairness of mandatory minimum sentencing requirements and changes in the law that have lowered the penalties for drug offenders. (*See* Am. Mem. Supp. Mot. for Sentence Reduction at 6-12.)

While Mr. Casillas-Haro's general policy arguments may have some merit, they are not appropriately considered in the context of a Section 3582(c)(2) motion. Section 3582(c)(2) does not authorize the court to engage in a wholesale resentencing proceeding. *See Dillon v. United States*, 560 U.S. 817, 825 (2010) ("By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding."). Instead, the statute only provides for "the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Id.* (internal alterations omitted). Here, the considerations specified by the Sentencing Commission for consideration are limited to the impact that Amendment 821 had on Mr. Casillas-Haro's criminal history categorization.

Thus, the impact that Mr. Cassilas-Haro's exposure to a potential sentencing enhancement had on his plea negotiations, and the subsequent change in law regarding sentencing for repeat drug trafficking offenders, have no relevance to determining whether Mr. Casillas-Haro warrants a sentence reduction in this case.

Instead, under Section 3582(c)(2), the court is limited to considering whether the reduction in Mr. Casillas-Haro's criminal history category resulting from Amendment 821

11

warrants a sentence reduction in light of the Sentencing Commission's policy statements and the Section 3553(a) factors.

For the reasons stated above, the court finds that its original assessment of those factors remains unchanged. Given the seriousness of Mr. Casillas-Haro's crimes, and his brazen disregard for the law in committing them, the court concludes that Mr. Casillas-Haro's original sentence remains appropriate. Accordingly, the court denies Mr. Casillas-Haro's request for a discretionary sentencing reduction pursuant to Section 3582(c)(2).

## Conclusion

For the reasons stated herein, Mr. Casillas-Haro's motion for a reduction in sentence is DENIED.

DATED this 27th day of March, 2025.

BY THE COURT:

_/s/ Clark Waddoups_
Clark Waddoups
United States District Court